IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

v.

ALEX JAVIER PEREZ-RODRIGUEZ,

Defendant.

CIVIL NO. 16-1533 (PAD)

**OPINION AND ORDER**

Delgado-Hernández, District Judge.

This is a foreclosure action brought by U.S. Bank National, as Indenture Trustee on behalf of and with respect to AJX Mortgage Loan Trust 2016-A, Mortgage-Backed Notes, Series 2016-A, ("U.S. Bank") against Alex Javier Pérez-Rodríguez. Before the court is U.S. Bank's "Motion for Summary Judgment" (Docket No. 23). For the reasons explained below, the motion is GRANTED.

**I.   STANDARD OF REVIEW**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

As to issues on which the nonmovant has the burden of proof, the movant need do no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013). Careful record review reflects absence of genuine dispute as to the facts identified in the section that follows.

## II. STATEMENT OF FACTS

U.S. Bank is a corporation with principal place of business in 9400 SW Beaverton Hillsdale Highway, #145, Beaverton, O.R. 97005. Docket No. 8 ¶ 3. Defendant's last known address is located in Yauco, Puerto Rico. Docket No. 1 ¶ 3. On January 30, 2006, he signed a mortgage note payable to Sana Mortgage Corporation for $90,000.00 with interest at 7.5 % per annum in monthly installments until the debt is paid in full. See, Docket No. 22, "Statement of Uncontested Facts," ("SUMF") at ¶ 1. The note provides for the payment of late charges in the amount of 5.0% of each and any monthly installments not received by the note holder within 15 days after the installment is due and for the payment of 10% of the original principal amount ($9,000.00) to cover costs, expenses, and attorney's fees in the event that the holder of the Note is required to seek judicial collection. SUMF ¶ 2.

On the same date, defendant executed a mortgage Deed No. 31 to secure the repayment of (a) the indebtedness evidenced by the note, (b) an amount of 10% of the original principal amount

($9,000.00) of the note to cover costs, expenses and attorney's fees in the event of judicial collection, (c) an amount of 10% of the original principal amount ($9,000.00) of the note to cover any advances made under the mortgage deed, and (d) an amount of 10% of the original principal amount of the note ($9,000.00) to cover interests in addition to those secured by law. SUMF ¶ 3. The mortgage encumbers a property located in Yauco, Puerto Rico, which is described in the Registry of Property in the Spanish language as follows:

> URBANA: Solar número 10 del bloque K de la urbanización Estancias de Yauco, localizada en el Barrio Barinas del término municipal de Yauco, Puerto Rico, con una cabida superficial de 340.56 metros cuadrados, equivalentes a 0.0846 cuerdas. En lindes por el Norte, en una distancia de 14.19 metros, con la Calle Numero Once; por el Sur, en una distancia de 14.19 metros, con el solar 13-K; por el Este, en una distancia de 24.00 metros con el solar número K-91 y por el Oeste, en una distancia de 24.00 metros con el solar K-11. Enclava una casa.

The property is identified with the number 14, 046 and is recorded at page number 235 of volume number 403 of Yauco, in the Registry of Property of Ponce, Second Section. SUMF ¶ 5. The mortgage is recorded at page number 181 of volume number 477 of Yauco, fourth entry in the Registry of Property of Ponce, Second Section. SUMF ¶ 6.

U.S Bank is now the owner and holder of the mortgage. SUMF ¶ 7.[1] Defendant did not comply with terms and conditions of the loan. The last payment he made under the mortgage note was due on October 1, 2013. SUMF ¶ 9. Since then, he has failed to pay any of the monthly installments. SUMF ¶ 9. Plaintiff has attempted to collect the indebtedness evidenced by the mortgage note to no avail and, thus, the entire principal sum, accrued interests, and expenses have

---

[1] On March 28, 2016, AJX Mortgage Trust I, a Delaware Trust, Wilmington Savings Fund Society, FSB, Trustee, ("AJX") initiated the action against defendant (Docket No. 1). On May 24, 2016, plaintiff filed a motion for U.S. Bank National to substitute AJX (Docket No. 8). On June 13, 2016, the court granted the motion and U.S. Bank became the named plaintiff.

become due and payable pursuant to the acceleration clause contained in the note and mortgage deed. SUMF ¶ 10.

As of October 1, 2013, defendant owes U.S. Bank $77,342.75 in principal, plus accrued interest at the annual interest rate of 7.5%, SUMF ¶ 11; late charges in the amount of 5.00% of each and any monthly installment not received by the note holder within 15 days after the installment was due, plus interests and late charges, that continue to accrue until the debt is paid in full (id.); all advances made under the mortgage note including, but not limited to: insurance premiums, taxes, and inspections (id.); and 10% of the original principal amount ($9,000.00) to cover costs, expenses, and attorney's fees guaranteed under the mortgage obligation. Id. From the information available, defendant is not presently in active military service of the United States armed forces, or a minor, and has not been declared incompetent by a court of law with authority to make such a determination. SUMF ¶ 12.

## III. DISCUSSION

Under Puerto Rico law, which applies here, "obligations arising from contracts have legal force between the contracting parties and must be fulfilled in accordance with their stipulations." P.R. Laws Ann. tit. 31, § 2994. A mortgage is a "guarantee of a debt, which in turn is secured by a particular property." Bautista Cayman Asset Company v. Vilariño-Rodriguez, 2018 WL 6422731, at *3 (D.P.R. Dec. 5, 2018). "A mortgage creditor may seek foreclosure if the debtor defaults on the payment of any principal or interest due." CitiMortgage, Inc. v. Rivera-Anabitate, 39 F.Supp.3d 152, 154 (D.P.R. 2014).

It is undisputed that defendant failed to fulfill his payment obligation under the mortgage note. The note permits lender, upon defendant's default, to require immediate payment the full amount of principal not paid, as well as all the interest owed on that amount. Docket No. 22, p. 3.

Further, the note entitles U.S. Bank, as the note holder, to collect its costs and expenses to enforce the note, fixed at 10 percent of the original principal amount. Id. Thus, there is no genuine issue of material fact as to the obligation, default, and amount owed.

### IV.  CONCLUSION

In light of the foregoing, the motion for summary judgment is GRANTED. Accordingly, defendant is ordered to pay plaintiff the outstanding principal balance of $77,342.75, plus interest at a rate of 7.5% per annum as of October 1, 2013. The interest continues to accrue until the debt is paid in full. Defendant is further ordered to pay plaintiff accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of defendant, in accordance with the mortgage deeds, plus costs, charges and disbursements, expenses and attorney's fees. Additionally:

1. In default of the payment of the sums hereinbefore specified or of any part thereof, within fourteen (14) days from the date of entry of this judgment, the mortgaged property described above shall be sold at public auction to the highest bidder therefor, without an appraisal or right of redemption for the payment of plaintiffs' mortgage within the limits secured thereby.

2. Upon plaintiff's compliance with Fed. R. Civ. P. 53, the court may appoint a Special Master to conduct the sale, but the Special Master shall not proceed to carry out the sale, or do anything in connection with it, until further order by the court and under the form and conditions to be directed by the court.

3. The sale shall be subject to the confirmation of the court, and the purchaser or purchasers thereof shall be entitled to receive possession. The minimum bid to be accepted at the first public sale in accordance with the mortgage deed is $90,000.00.

4. Any funds derived from the sale to be made in accordance with the terms of this judgment and such further orders of the court shall be applied as follows:

   a. To the payment of all proper expenses attendant upon said sale, including the expenses, outlays and compensation of the Special Master appointed herein, after the said compensation and expenses shall have been fixed and approved by the court, all said expenses to be deducted from the sum provided in the deed of mortgage for costs, charges and disbursements, expenses, and attorney's fees.

   b. To the payment of all expenses or advances made by the plaintiff.

   c. To the payment to plaintiff of the amounts due by defendant as of October 1, 2013, which amount to principal in the amount of $77,342.75, accrued interest which continues to accrue until full payment of the debt at the rate of 7.5% per annum, accrued late charges and any other advance, charge, fee or disbursements made by plaintiff on behalf of defendant, in accordance with the mortgage deed, plus costs, and 10% of the mortgage note principal balance in costs, expenses, and attorney's fees.

   d. If after making all the above payments there shall be a surplus, said surplus shall be delivered to the Clerk of this Court, subject to further orders of the court.

   e. If after making all those payments there is a deficiency, plaintiff may seek further orders by the court to collect the deficiency from defendants.

Plaintiff may apply to the court for such further orders, as it may deem advisable to its interests to satisfy its money judgment, in accordance with its terms.

**SO ORDERED.**

In San Juan, Puerto Rico, this 12th of February, 2019.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge